Council you may proceed when you're ready. Good morning, your honors. I'm Mark Rosenberg here for the appellants Mr. Jonathan Salamis is here on behalf of the county Although I will be the only one arguing today and it's a pleasure to be before you today. Thank you for the opportunity Thank you for making it through this. No This case arises from a section 1983 claim against Kitsap County and its medical contractor ConMed for medical treatment received by an inmate in jail and a Separate negligent design claim only against the county based on a trip and fall and Council we've studied the record. I guess I'd like you to get right to the heart of it Are we dealing with a special statute of limitation here or a general statute? Absolutely. And the question of course is whether the state law Notice of tort claim statute has any effect on section 1983 tolling of the statute of limitations and there's two important lines of cases to look at the first being the Johnson v Railway Express case 421 u.s. 454 and of course in that case the United States Supreme Court had two causes of action a section 1981 and a title 7 and it affirmed dismissal of the 1981 claim and the plaintiff the Plaintiff in that case said well, you should have told the 1981 claim because I had all these administrative procedures in the title 7 claim and the court said these are two distinct causes of action and they They proceed on two specific two distinct routes and what you need to do is you need to follow each and it And this claim this argument was later extended to various cases and we've cited of course the stone case Extended to 1983. We cited the stone case 735 f sup at 344 and tamano 446 u.s. 478 and Johnson actually suggested at one point that one thing a plaintiff could do would be to file the 1983 claim and ask for a stay but that's even more than is necessary in my practical experience. I have these cases and Most attorneys will file it well within the statute of limitations But I've had three or four cases where what the plaintiff does is they file the 1983 claim and include in the complaint? something that says We filed a notice of tort claim we intend after the 60-day grace period to move to seek amendment and that's what they do They get a stipulation But I don't think there's any question that could have been done and they could have could have complied but they didn't so now What is the question his argument? Of course, is that the statute the Washington statute uses the word toll, right? Right, and so that that was a bit of a trap But I think I come back to really to judge Talman's question and your time is ticking So could you focus on his question? Because we have authority in the Ninth Circuit. It's Slivka I believe that this that the state statute is really a separate a Separate statute of limitations and that in 1983 when they when we say in our case law that we look to the state statute We really look to what I'm gonna call that the vanilla tort statute of limitations not to the separate one Could you really address that? Yes, please and that gets to the second line of cases your honor the first line Johnson being very important and it comes up later in the second But the second line of cases, of course started with the Felder v Casey case for 87 us 131 and it's got application in Ninth Circuit cases Joshua v Newell and Silva v crane and in each of these cases the courts unequivocally held That the state law notice of tort claims have no application in section 1983. What have other circuits done? Excuse me, what have other circuits done other circuits and we've provided this in the briefing Of course your honor other circuits have also held that The state law tort claim is is not I mean the the state law tort Claim does not told the 1983 claim and of course, that's what Felder was looking at Forget tolling for a minute if you would yes Do you mean that they followed Slivka because that's how I read them that they followed Slivka So they've treated it as a separate statute of limitations. That's different than tolling well each each claim has its own statute of limitations and as and they proceed separately along their own lines and at each step the Attorney needs to protect or the party needs to protect their interests by doing what is necessary at that particular time Just come down to the fact that if we conclude that the general statute Under Washington is two years That's the time period that applies to a federal section 1983 claim. Yes, exactly That's what judge Kristen means by vanilla it's Friday, it's been a long week Quite different than tolling and that's what judge Tom and I are trying to get you to focus on Yeah Oh, yeah tolling is a word that for us is just loaded because we see it all the time in habeas corpus cases and In areas way beyond in other words this works, right? So whether there's tolling or not on the state tort claim is that's not our problem today We're trying to figure out what's the statute? What's the effect of the 1983 claim? Yeah, and there and there could be tolling under the 1983 claim is as well We're just talking about what is the applicable time period the applicable time period in Washington is three years And of course, there is no three years to it's a three Okay, and basically the courts of course look to the states. There is no The legislature didn't provide a specific Statute of limitations for section 1983 claims. And so the cases have held that you the courts look to the general Tort statute in whatever state is the the claim is being brought and in Washington, that's three years I think the eighth and the tenth and the second circuit have agreed with our Slivko decision Which is that that you look at the what I'm calling the vanilla States tort statute of limitations and the other Whatever the other presentation requirement is in the state the administrative requirement that you give notice first That is a different limitations period, but I don't think that's true of the sixth and seventh circuit, right? I Don't I don't have the cases in front of me at this time, but okay, my understanding is That if you I mean if you look to the US Supreme Court the basic Stat the basic premises from the Felder all the way down and it's been before the United States Supreme Court several times The Supreme Court has ever said is that we look to the general statute of limitation They have not addressed the specific issue that that you're presenting to us under the, Washington Statutes at issue. Well, the Ninth Circuit did specifically in the Joshua case where they identified for 96020 and said in very unequivocal terms that 496020 has no application to section 1983 No application and all of the cases. I mean, I'm sure that mr Boston will say well all of these early cases they benefited the plaintiff But I would say that what the court should focus on is that these courts all Said in unequivocal language. There is no application and no application should mean no application. I'd also And I'm gonna reserve two minutes for a rebuttal here I've got a few seconds here coming out you would also I assume I think you did in your brief point as to the South Wick case, which is the only Washington appellate decision that seems to be on point Well, there are of course the unpublished Washington district court case. There's no Washington Supreme Court decision The best we've got is the division one opinion Yes And it's important to note that the plaintiff in this case filed two separate lawsuits one in state court one in federal court exactly identical and The state court cases is stayed and so at some point they're gonna have to follow Southwick and dismiss the the claim and so does this court really want to enter a decision in which you're Doing exactly what Felder didn't want and changing the predictability and leading to forum shopping By having people file in federal court rather than state court Southwick is controlling in the state courts Right, but there's a state court case that the plaintiff has filed which will proceed at some point My question counsel is whether you're arguing that Southwick is controlling. It wasn't a trick question I'm just trying to make sure I understand your point Southwick is not controlling. Although it did reach the correct decision I'd also note and I'll have rebuttal on this too. I suppose but None of this applies to con med because if you look at the Harding case, which is what Wyatt relies on I I think we get that point That it doesn't apply to con med because it's a private They never got the notice and they never had the opportunities if you want to sit down you can save a little over a minute Thank you, Your Honor Morning I'm Anthony Otto representing, mr. Boston in this case As I was rereading the cases in preparation for today. It struck me how Exactly on point Harding versus Gauser on is on is on point there there was a decision causing some mischief and confusion and that when it was Mangels versus City of Orange, which threw out the tolling statute of limitations along with Under Felder saying that it's not applicable and in this case it's a Southwick versus Southwick Southwick versus Seattle that they say is throughout because Felder applied both the Requirement don't we have a different factual situation in that case? so that was the case where there was a criminal charge pending against the 1983 plaintiff and nobody could know how long it was going to take to resolve it was It was a tolling provision instead of saying a 60 days as in Washington State plus five There it was as long as the criminal case was pending right, which is an unknowable Number that's the problem, isn't it? The difference that we don't have any idea how long it's gonna take to resolve What was that a 148 arrest? I think As opposed to adding on a short little period for the administrative procedure. That's the distinguishing feature, isn't it? Not not truly because there it just told it until the criminal case was done and then the year statute But does it run all appeals to the California Supreme Court? I mean that could take years Potentially it could but then the year statute of limitations would start what does that do to the concerns of statutes of limitation of spoliation of evidence and Witnesses whose memories diminish with the passage of time you raise a good point because we're almost three years past the time this lawsuit was Filed and while you guys argue about whether the 60 days makes it. I understand But I do think it is a key distinguishing fact that in Unknowable amount of time that could pass before we would know when the claim was barred The key the 1983 claim was the key is with only an additional 60 days Well, we may know how long it is In fact, it's a tolling provision the statute doesn't run as long as the county has 60 days to respond to the claim so it as Defined in the cases and actually the statute itself calls itself a tolling provision and defined in the cases It explains that the clocks temporarily stops and then starts again. That's a classic tolling situation Where there's an extension under state law of what the statute of limitations is Extension for a short period of time 60 plus the 5 to necessary to file it So it's under state law. There is we've met the statute the There's a couple points in how Harding versus Galsy on that. Well, I'd hate to quote to the court But you met this you may have met the statue statute with regard to the county but not with regard to conmed You never presented a notice of claim to that defendant Did you because they are one in the same with the county essentially as we've submitted because they're a contractor For the county does that make them a state a state agency for state action purposes under the statute applies to? County employees volunteer even volunteers, but why do you present it? Why didn't you present an administrative claim to them? They're a separate defendant. You served them separately. Did you not we see them as an identity? Well, you may you may think they are one in the same But why didn't you present them with an administrative claim if your position is that they're covered by the 60-day statute? Because we've presented it to the county Then why did you serve them separately under your theory service on the county would be sufficient to enter judgment against the contractor I don't think the law would support that conclusion Well, if that's your conclusion, then then that's a pretty easy conclusion I mean, that's it's a basic do prints due process principle that the defendant has to have Notice before you enter judgment and award damages against them and they had noticed when we filed a suit against them Well the count you see you keep saying them, but we got two separate defendants represented by separate counsel here at the table counsel, I Think judge Tolan's question is directly on point and I would really like to hear you just respond to it because ComEd Is a different entity, correct? Well, they didn't it is a different entity in their initial this response They didn't think so because they conceded that if we met the statute under If we met the statute it apply then we've then we've saved the case and that was a concession by them early in the pleading It's a difference between a concession and what they are in a legal and factual situation And right now I'm still trying to press. I'm sorry That's normally keep pressing this but I think it's a very big distinction that you need to address right now Well, I've addressed it as well as I can in the materials that I filed that they have indemnified the county and the county can't Authority and then with the additional concession as they have in their in their initial responses How do you respond to Southwick? Southwick was a mistake. It's wrong. Just as the authority in Halcyon, but you would agree that assuming That you don't have a viable federal claim And you do have a pending Superior Court action Isn't the Superior Court going to be bound by Southwood it is not and I've explained it in my briefing It is a division one case. We're in division two, but it is the only isn't it? The only Washington appellate decision it is but it's not binding in division two It's only binding to the extent that it's persuasive and it's not persuasive because of all of the following Cases in Wyant into the federal district court would a Superior Court in Kitsap County be in error If it followed Southwick in the absence of a division to opinion adopting or we're actually in Pierce County Filed it in a neighboring County, right, but I don't believe that they are bound. It is not binding precedent My question my question is would that be reversible error under Washington appellate law? No, okay, because it is only persuasive authority to the extent It's persuasive similar to an unsighted case in in the Court of Appeals as well and holding Harding versus Galsy on if I'm pronouncing it correctly makes very clear that there's a distinction between Under Felder you have to protect the federal remedy, but that doesn't mean that the state can't extend also the jurisdiction through a statute of limitations tolling provision That the reasoning and holding Harding versus Galsy on is identical to what should happen here It makes I refer to it as ironic that they apply Felder which is supposed to defend and strengthen a federal remedy to undermine it There's no reason at all that a tolling provision should not apply to even a 1983 case Southwith was Southwick was wrongly decided and not appealed as far as I can see But it is not binding on division to counsel. Here's my problem with your argument It strikes me is that even though this Washington statute has the word toll in it that it's not a tolling provision It's a it's a short finite period that's attacked on to accommodate the administrative presentation requirement But it's not really a tolling. I think that's something that judge Tallman was Hitting on earlier It's a claims processing statute it gives a short period of time for the putative defendant to Investigate and perhaps settle the claim without need for litigation That's what I understand the purpose of the statute the way Washington law defines tolling is that it stops and then restarts again once that Period is gone Tolling in your context. It sounds like you're saying it's done and finally met and there's no further I Think tolling is exactly that I think tolling is stopping the clock and will and something else is going to happen later that makes this Clark clock start again and and it and it may very well be that that's a and I think typically is an indefinite period of time as distinguished from a Talking about requirement to to present an administrative claim to a governmental agency and allow it an opportunity to settle or not settle the tort claim basically whether it's a finite or an indefinite period of time that the time still stops and then starts again once the Condition is met. I don't see any distinction. Not at all. In fact the cases that I've cited you I'll see if I can find it talks about how exactly the tolling provision applies that the clock stops and then starts again after the elapse of the period That's that's tolling and in terms of holding parting versus Galcian. The difference there only was that there was The criminal case had to be resolved in it as your honor states It could have been through appeals and all the way to the Supreme Court But still there's a year that will start it's told and then starts again when the criminal case is resolved in California Why is Silva wrong? Pardon me? Why is Silva wrong? Silva is not wrong It makes sense that there is a standalone provision as I cited in my materials. It's similar to The Federal Tort Claims Act where once you file your claim, then you have a six-month period in which to file it That's identical to what happened in Silva And so Sylvan isn't wrong. It's a separate statute of limitations in Washington State It's three years plus the time added on by the claims notice provision in Silva It was once you file your claim you have either I think it was six months or two years depending on Something that wasn't clear in the record So it was a standalone separate provision If in under the Washington statute, I'm down to three seconds. Yeah, I know you're actually over but go ahead and finish your Yeah under the Washington statute If the claim notice provision was filed 60 days before then the statute would be told for the additional 60 days If it was told a year before it would still toll for 60 days and there would be additional time Yes, okay, it stops and then starts again the tolling for I think we understand each other. Thank you. Thank you Rosenberg I think you have about a minute or so left. Thank your honors and First of all in Discussing the difference between tolling and what happens in this administrative procedure and I would have to wonder what would happen If there was a complaint which had five or six different causes of action and each one had some kind of different Administrative procedure that would really cloud up the issues and that's exactly what Felder was trying to prevent when it tried to say We're making everything consistent. That's why we're doing Do you want a chance to respond the Washington statute Unfortunately has the word toll or tolling in it and so I think opposing counsels one of his stronger arguments to me is that it's going to be a bit of a sand trap for the unsuspecting because of course 1983 doesn't have a separate cause of action our case law says you look to the state and if you look to the state Statute here. There is that provision that I don't think is a tolling provision, but it uses that word. So what about that? Well, I think that that this goes right back and I found it interesting that that counsel agreed that Silva applies here Because if you look at the unequivocal language in Silva, it says that the state Lord state law special statute of limitations I know what Silva says, but I'm just wondering since you have two seconds Do you want to answer this question about what about the Washington statute? Yes I'm saying that even if it were a special, you know Special statute of limitations that told that that it claims tolls the statute of limitations It still has no applicability to the 1983 claim under abundant legal authority and I and I would also state that I think why it was wrong in a number of reasons first of all because it wasn't a tolling Provision under the general statutes of limitations, which I believe are under 416 And also because it claimed that what it was doing was pure federal procedure, but it was not I mean What they did was they took a state law court case the Southwick Southwick said That this is a special statute of limitations and thereby found that it didn't tolls 1983 when why it disregarded that they were disregarding Washington case law about a Washington statute So the the federal court if it's applying Washington law for this specific cause of action should have followed Southwick unless they could show as they said in their own opinion That the Washington Supreme Court would have done anything differently Counsel you are out of time. Thank you very much. The case just argued is submitted. We'll give you a decision as soon as we can Thank you for your argument
judges: Tallman, Christen, England